**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ALISON MONTGOMERY,<br>　　　　Plaintiff,<br>　　v.<br>FORD MOTOR COMPANY,<br>　　　　Defendant. | Case No. 19-cv-07086-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br>[Re: ECF 9] |

Plaintiff, Alison Montgomery, brings this action arising from a lease of a Ford Escape (the "Vehicle") on or about February 17, 2013. Plaintiff alleges two Song-Beverly Consumer Warranty Act causes of action against Ford Motor Company ("Ford"): (1) breach of implied warranty of merchantability and (2) breach of express warranty. *See* Compl., ECF 1-2. Before the Court is Ford's Motion to Dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6). Mot., ECF 8. Plaintiff did not file an opposition to Ford's motion. Pursuant to Civ. L. R. 7-1(b), the Court finds Ford's unopposed motion suitable for submission without oral argument and hereby VACATES the hearing scheduled for March 19, 2020. For reasons set forth below, the Court GRANTS the motion WITH LEAVE TO AMEND.

**I. BACKGROUND**

Plaintiff alleges that on or about February 17, 2013, she leased a 2013 Ford Escape Vehicle from an unidentified "Seller." Compl. ¶¶ 5-6. In connection with the lease, Plaintiff received express and implied warranties. *Id.* ¶ 8. Under these warranties, Ford was to maintain "the utility of the Vehicle for Three (3) years or 36,000 miles and would conform the Vehicle to the applicable express warranties." *Id.* Plaintiff complains of the following issues with the Vehicle: "Recall #13B16, Recall #14W03, Recall #14804, Recall #14803 for gap handles, Recall #16530 for door

1 latch, air filter failure, inoperable trunk latch, battery failure, inoperable panel retainers, inoperable hood, tranny leak, transmission leaking, stall out issues in two (2) occasions, and check engine light." *Id.* ¶ 11.

Plaintiff alleges that she delivered the Vehicle to a Ford "authorized service and repair facilities, agents and/or dealers, including Seller, on at least Seven (7) separate occasions" for repairs. Compl. ¶ 10, 12-13. But the issues were not corrected and "continue[d] to exist even after a reasonable number of attempts to repair was given." *Id.* ¶ 13. As a result, Plaintiff brings two causes of action against ford for breach of implied warranty of merchantability and breach of express warranty. *See id.* ¶¶ 15-35. Plaintiff seeks: (1) replacement or restitution (at Plaintiffs election); (2) incidental damages; (3) consequential damages; (4) civil penalties in an amount not to exceed two times the amount of Plaintiffs actual damages; (5) attorneys' fees and costs; and various other relief. *Id.* at 9, Prayer for Relief.

Plaintiff filed her Complaint in the California Superior Court for the County of Santa Clara on September 9, 2019. Ford removed the case to this Court on October 28, 2019 pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, based on diversity of citizenship. ECF 1.

## II. LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A

1 claim is facially plausible when it "allows the court to draw the reasonable inference that the
2 defendant is liable for the misconduct alleged." *Id*.

When the Court grants a motion to dismiss, leave ordinarily must be granted unless one or more of the following factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (discussing Foman factors).

## III. DISCUSSION

### A. Claim 1: Breach of Implied Warranty of Merchantability

Ford argues that Plaintiff's claim for breach of implied warranty is time-barred. According to Ford, the accrual of a breach of implied warranty cause of action occurs at the tender of delivery – in this case on February 17, 2013 – and thus, the statute of limitations expired on February 17, 2017, more than two years before Plaintiff filed this suit. Mot. at 4.

The statute of limitations in Song-Beverly claims is governed by two separate time limits. First, "under California Civil Code § 1791.1(c), implied warranties exist for one year following the sale of new goods." *Gerstle v. Am. Honda Motor Co., Inc.*, No. 16-CV-04384-JST, 2017 WL 2797810, at *11 (N.D. Cal. June 28, 2017) (citation and alterations omitted). In other words, to state a breach of implied warranty claim, a plaintiff must allege that the product was unfit or unmerchantable at the time of sale or within a year after delivery of the product. *Mexia v. Rinker Boat Co.*, 174 Cal. App. 4th 1297, 1308 (2009). Second, pursuant to California Commercial Code § 2725, implied warranty claims must be brought within four years of the date when the breach occurred. *Tanner v. Ford Motor Co.*, No. 5:19-CV-02495-EJD, 2019 WL 6269307, at *3 (N.D. Cal. Nov. 25, 2019) (citation omitted).

The Court notes that courts in this district have varying views on when statute of limitations begins to run on breach of implied warranty claims. *Compare e.g. Tanner*, 2019 WL 6269307, at *3 ("California law, […] holds that the statute of limitations begins to run once a defect is discovered, not when a product is delivered.") *with Marcus v. Apple Inc.*, No. C 14-03824 WHA, 2015 WL 151489, at *8 (N.D. Cal. Jan. 8, 2015) (to "extend [the discovery rule] to breach of

warranty claims ... would be nonsensical") *and Gerstle*, 2017 WL 2797810, at *12 (same). Under the facts alleged here, however, the Court need not decide at this time whether the discovery rule—which postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action—is applicable to Song-Beverly implied warranty claims. This is because Plaintiff has failed to allege whether the defects she complains of, were present within the warranty period and when she discovered those defects. Similarly, she has failed to allege any facts supporting equitable tolling. That said, it appears that additional facts might be alleged to overcome this deficiency.

### B. Claim 2: Breach of Express Warranty

The Song–Beverly Consumer Warranty Act obligates a manufacturer to replace nonconforming goods or reimburse a buyer for them if they have not been repaired within a reasonable number of attempts. Cal. Civ. Code § 1793.2. Plaintiff has the burden to prove that:

> (1) the vehicle had a nonconformity covered by the express warranty that substantially impaired the use, value or safety of the vehicle (the nonconformity element); (2) the vehicle was presented to an authorized representative of the manufacturer of the vehicle for repair (the presentation element); and (3) the manufacturer or his representative did not repair the nonconformity after a reasonable number of repair attempts (the failure to repair element).

*Oregel v. Am. Isuzu Motors, Inc.*, 90 Cal. App. 4th 1094, 1101 (2001). Moreover, there must be more than one unsuccessful repair opportunity. *Silvio v. Ford Motor Co.*, 109 Cal. App. 4th 1205, 1206 (2003), *as modified* (June 19, 2003).

First, Ford argues that the Complaint fails to state a claim because it does not "identify any particular 'nonconformity' that was presented two or more times without successful repair." Mot. at 5. The Court is not persuaded. The Complaint alleges that (1) Plaintiff delivered the Vehicle for repairs to a Ford "authorized service and repair facilities, agents and/or dealers, including Seller, on at least Seven (7) separate occasions" (Compl. ¶ 10), (2) the Vehicle presented several defects (*id.* ¶ 11), and (3) each time Plaintiff delivered the vehicle for repairs, the nonconformities were not corrected and the defects "continue[d] to exist" (*id.* ¶ 13). Ford has not cited to any authority requiring Plaintiff to plead that she made two or more repair visits for ***each*** alleged defect. *See*

4

*Atienza v. FCA US LLC*, No. 3:17-CV-00977-WHO, 2018 WL 6460431, at *4 (N.D. Cal. Dec. 10, 2018) ("[I]t cannot be that a claim is foreclosed as a matter of law when a consumer makes multiple repair visits, each for a different defect.").

Second, Ford argues that the Complaint fails to allege the specific terms of the warranty, when the requests for repairs were made, to whom the Vehicle was presented for repaints, and the actual work performed. Mot. at 6. Contrary to Ford's assertion, the Complaint specifies the terms of the warranty as:

> warranties from Manufacturer and Seller that the Vehicle and its components would be free from all defects in material and workmanship; that the Vehicle would pass without objection in the trade under the contract description; that the Vehicle would be fit for the ordinary purposes for which it was intended; that the Vehicle would conform to the promises and affirmations of fact made; that Defendants, and each of them, would perform any repairs, alignments, adjustments, and/or replacements of any parts necessary to ensure that the Vehicle was free from any defects in material and workmanship; that Defendants, and each of them, would maintain the utility of the Vehicle for Three (3) years or 36,000 miles and would conform the Vehicle to the applicable express warranties. (A copy of the written warranty is in the possession of the Defendants).

Compl. ¶ 8. Ford has not cited to authority, and the Court is not aware of any, that requires Plaintiff to allege specifically at this stage, when, how, and by whom the Vehicle was repaired.

Third, Ford asserts that Plaintiff's express warranty claim is similarly barred by the four-year statute of limitations. For the same reasons stated above, the Court agrees that the Complaint fails to state a claim, but Plaintiff might be able to allege additional facts to overcome the time bar.

## IV.  ORDER

For the foregoing reasons, the Court GRANTS Ford's motion to dismiss WITH LEAVE TO AMEND. Any amended pleading shall be filed within 45 days of this order.

**IT IS SO ORDERED.**

Dated: December 18, 2019

_____
BETH LABSON FREEMAN
United States District Judge

5